Hand-Delivered

FILED
ASHEVILLE, NC
OCT 02 2025
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

## UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**Brad Jordan and Sara Burrows, as Trustees of the Secret Garden of Eden Conservancy Trust, and as Parents/Guardians of a Minor Beneficiary,**
 Plaintiffs,

v.

**PNC Bank, N.A.,**
**Jeffery Bunda, Esq.,**
**James Palmer, Substitute Trustee,**
 Defendants.

Case No. 1:25 CV 340 - MOC - WCM

## COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF RESPA, VIOLATION OF TILA, LACK OF VALID FORECLOSURE ORDER, AND DEPRIVATION OF DUE PROCESS

### I. PARTIES

1. Plaintiffs Brad Jordan and Sara Burrows are the Co-Trustees of the Secret Garden of Eden Conservancy Trust ("Trust") and legal guardians of a minor beneficiary with an equitable interest in the Property.

2. The Trust is the record owner of the real property located at 42 Eller Hollow Road, Weaverville, North Carolina ("Property").

3. Defendant PNC Bank, N.A. ("PNC") is a national banking association engaged in mortgage lending and servicing.

4. Defendant Jeffery Bunda, Esq., is the foreclosure attorney for PNC Bank.

5. Defendant James Palmer is an attorney and the Substitute Trustee for the Deed of Trust executed by former record owners (Brad Jordan and Sara Burrows), responsible for conducting the upcoming foreclosure sale.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question, RESPA & TILA) and supplemental jurisdiction under 28 U.S.C. § 1367 (state law claims).

7. Venue is proper under 28 U.S.C. § 1391(b) because the Property and events are in Buncombe County, NC.

## III. FACTUAL BACKGROUND

8. The Trust became legal and equitable owner of the Property through a transfer executed at a private trustee board meeting in March 2023, recorded on the public record via Quit Claim Deed in March 2025 **(Exhibits A–D)**.

9. Plaintiffs, as Co-Trustees, have fiduciary duties to protect the Property and the minor beneficiary's interest.

10. PNC Bank is foreclosing against the Property despite the Trust being the owner and having no contractual obligation to PNC.

11. The foreclosure notice misidentifies Sara Burrows as a record owner and fails to identify Plaintiffs as Trustees **(Exhibit F)**.

12. Plaintiffs submitted a complete loan modification application, which PNC did not review, automatically disqualifying the application solely because the Property is in a Trust **(Exhibits M, N)**.

13. PNC issued denial letters without written explanations, violating RESPA/Regulation X (§ 1024.41(d), (h)(4)) **(Exhibits K, L)**.

14. PNC sent us Notice of the upcoming October 2025 Foreclosure Sale without a new Order to reactivate the original June 2024 Foreclosure Order being filed into the case docket **(Exhibit S)**, violating due process and bankruptcy statutes .

15. PNC provided a payoff statement good only through October 9 instead of the requested October 13, reducing chances of closing on short-notice cash sale, and violating

TILA/Regulation Z (§ 1026.36(c)(3)) **(Exhibits O, P)**.

16. The first three scheduled foreclosure sales were never advertised in a local newspaper, contrary to N.C. Gen. Stat. § 45-21.17, which requires strict compliance with notice and publication requirements. **(Exhibit T)**

17. Only the fourth sale was advertised, and only after Plaintiffs pointed out this defect to Defendants.

18. Plaintiffs received no Notice of Hearing for the December 2024 foreclosure reactivation motion or order **(Exhibit U)**, which was issued more than 6 months after the original Foreclosure Order.

19. Plaintiffs only learned of this order through an anonymous tip on Christmas Eve, otherwise the Property might have been sold without their knowledge.

---

## IV. CLAIMS FOR RELIEF

### Count I – Wrongful Foreclosure (NC Law)

20. Defendants failed to provide proper notice to Plaintiffs as Trustees and failed to protect the minor beneficiary's interest, rendering the foreclosure defective. **(Exhibits F, S)**

21. North Carolina courts hold that improper notice voids foreclosure sales (In re Foreclosure of Brown, 156 N.C. App. 477, 2003).

### Count II – RESPA/Regulation X Violations (12 U.S.C. § 2605; 12 C.F.R. § 1024.41)

22. Defendants failed to review Plaintiffs' loan modification application and proceeded with foreclosure, violating the prohibition on dual tracking (§ 1024.41(g)). **(Exhibits G, H)**

23. Defendants did not provide written reasons for denial (§ 1024.41(d), (h)(4)). **(Exhibits K, L)**

### Count III – TILA/Regulation Z Violation (12 C.F.R. § 1026.36(c)(3))

24. Defendants provided an inaccurate payoff statement, depriving Plaintiffs of the ability to secure a last-minute sale of the Property. **(Exhibits O, P)**

### Count IV – Deprivation of Due Process (U.S. Const. amend. XIV)

25. Defendants failed to notify Plaintiffs as Trustees, depriving the minor beneficiary of constitutionally required notice and opportunity to be heard. **(Exhibits F, S)**

## Count V – Lack of Valid Foreclosure Order / Bankruptcy Statutes

26. No new motion or order reactivating the foreclosure order was issued before the October 13, 2025 sale. **(Exhibit S)**

27. Prior reactivations occurred in December 2024 and April 2025, each via proper motion/order. **(Exhibit R)**

28. Proceeding with the sale without a valid foreclosure reactivation order violates 11 U.S.C. § 362 and § 108 (bankruptcy stay protections) and deprives Plaintiffs of due process.

## Count VI – Statutory Notice & Publication Failures (NC Law)

29. Defendants failed to comply with N.C. Gen. Stat. § 45-21.17 by not advertising the first three scheduled foreclosure sales in a newspaper. **(Exhibit T)**

30. Plaintiffs were deprived of statutory notice of the December 2024 foreclosure reactivation hearing and subsequent sale date, amounting to defective and unlawful foreclosure proceedings. **(Exhibit U)**

## V. PRAYER FOR RELIEF

Plaintiffs respectfully request the Court:

a. Declare the foreclosure proceedings void and enjoin Defendants from selling the Property.
b. Award statutory damages, actual damages, and attorneys' fees under RESPA and TILA.
c. Declare Plaintiffs' authority as Trustees to defend the Property.
d. Award compensatory and punitive damages.
e. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all triable issues.

# EXHIBITS TABLE

A. Public Record of Trust Ownership of Property
B. Trust Settlement and Private Transfer of Property Ownership, March of 2024
C. Notice of Original Foreclosure Hearing, May of 2024
D. Quit-Claim Deed, March of 2025
E. Trust Beneficiary Documentation, May of 2023
F. Notice of October Foreclosure Sale
G. Notice of Sale Postmarked Date, Sept. 23, 2025
H. Email of Loan Modification Denial, Sept. 26, 2025
I. Transcript of phone call requesting proof of denial mailing
J. Email to attorney and Loss Mitigation requesting proof of denial mailing
K. Original Loan Modification Denial Letter
L. Appeal Denial Letter
M. Transcript of phone call admitting Loan Mod Application was not reviewed
N. Email requesting evidence appeal was reviewed by different PNC personnel
O. Email requesting Payoff Statement good through October 13
P. Payoff Statement from PNC Bank good through October 9
Q. Original June 2024 Foreclosure Order
R. Foreclosure Reactivation Orders in December 2024 and April 2025
S. Case Docket shows no new Foreclosure Order for upcoming October 13 Sale
T. Email from PNC Attorney justifying not advertising the first three sale dates
U. Case Docket shows no hearing for December 2024 Reactivation Order, 6 months after original Foreclosure Order

---

**Filed on October 2, 2025 by:**

**Brad Jordan**

_/s/ Brad Jordan_    Oct 2, 2025

**Sara Burrows**

_/s/ Sara Burrows_    OCT 2, 2025

Pro Se Plaintiffs
Co-Trustees and Legal Guardians of the Secret Garden of Eden Conservancy Trust
42 Eller Hollow Road
Weaverville, NC 28787
Telephone: (828) 279-7862
Email: b2jordan72@yahoo.com and saraanneburrows@yahoo.com